UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

JAMESETTA LELAND                          CIVIL ACTION NO. 16-cv-1000

VERSUS                                    JUDGE FOOTE

XTO ENERGY CORP.                          MAGISTRATE JUDGE HORNSBY

## REPORT AND RECOMMENDATION

**Introduction**

Jamesetta Leland ("Plaintiff") who is self-represented, filed on the same date two civil actions against XTO Energy.  Three days later, she filed a third action against XTO Energy. The complaints are similar in that they are largely indecipherable and plainly fail to state a claim on which relief may be granted.  This is one of the three  civil actions commenced by those complaints.  For the reasons that follow, it is recommended the complaint be dismissed. A similar recommendation will issue in the other two cases.

**Relevant Facts**

**A.  The 2011 Case**

Judge Foote presided over an earlier civil action filed by Plaintiff, <u>Leland v. XTO Energy, et al</u>, 11-cv-1298, which began with a one-page handwritten complaint that appeared to allege that the defendant companies were depriving Plaintiff and her relatives of royalties or other mineral revenue they were due.  Plaintiff sought $480,000,000,000 in damages.

The defendants in the earlier case filed motions to dismiss for insufficient service and for more definite statement. One defendant also challenged venue.  Judge Foote held a telephone status conference to discuss the pending motions. She was told by one defense counsel that Plaintiff did appear to own a mineral interest in Bienville Parish and was being paid for it.  The judge discussed with Plaintiff the difficulties of a layperson pursuing a federal lawsuit.  She ordered Plaintiff to contact certain organizations that provide legal services or referrals and attempt to obtain representation.  The conference ended when the line on Plaintiff's end went dead.

A second conference was scheduled to discuss the case and pending motions, but Plaintiff could not be contacted at any of the telephone numbers she had provided.  An order issued that notified Plaintiff that if she failed to participate in the proceedings the court would entertain a motion to dismiss the action for failure to comply with court orders.  Plaintiff was also ordered to file opposition to the pending motions and provide the court with a telephone number at which she could be reached.  Plaintiff was warned that failure to file opposition to the motions or failure to participate in the next conference could result in dismissal of her case.

Plaintiff did not file opposition to the motions, provide a valid telephone number,  or participate in the next conference.  The court asked counsel to discuss the pending motions, which they did. Counsel also moved for dismissal based on Plaintiff's failure to comply with court orders.  Judge Foote granted the motions to dismiss for lack of valid service and, in the

alternative, the motions to dismiss for failure to comply with court orders. The court entered judgment dismissing the complaint.  Plaintiff filed a notice of appeal, but the Fifth Circuit dismissed the appeal for want of prosecution after Plaintiff failed to timely file a sufficient brief and record excerpts.

### B.  The 2013 Case

Plaintiff returned to this court two years later when she filed Leland v. Foote, 13-cv-0111.  She commenced that action by filing a one-page handwritten complaint in which she accused Judge Foote of letting companies violate the law regarding the payment of rental, royalties, and bonuses.  Plaintiff apparently referred to Judge Foote's handling of the prior lawsuit, but the complaint did not specifically reference it.  She demanded Judge Foote pay her $480,000,000,000 in damages.  Judge Hicks dismissed that action based on judicial immunity.

### C.  16-cv-0999

The first of the three new complaints was filed as 16-cv-0999.  Plaintiff used a form complaint in which she listed the defendants as XTO Energy Corporation and Exxon Mobil. The form asked for the basis of the federal court's jurisdiction, but Plaintiff provided no information.  She did state that the amount in controversy was "150 Billion."  The form asked Plaintiff to write a short and plain statement of her claim.  She wrote: "Attorney General of Texas state federal (indecipherable) laws broke by XTO Energy."  She was asked to state

briefly what damages or relief she seeks.  She asked that the judge "have XTO send 150 Billion immediately" and set forth other similar demands.

### D.  16-cv-1000

The second of the three new suits was filed as 16-cv-1000.  Under the portion of the complaint form that asks for the basis of jurisdiction, Plaintiff wrote, "Exxon state they pay 150 lease land check are to low for my land to Be leased check for 150 Billion Be Sent or 900 Billion Should Be imposed on company."  The remainder of the complaint is filled with similar handwritten demands, as well as assertions that a person who is a graduate of Century 21 states that Plaintiff should be paid the amount she seeks.

### E.  16-cv-1020

The third of the new complaints is more of the same.  Under the portion for stating a jurisdictional basis, Plaintiff wrote: "Federal Frack Laws Violate According to Attorney General of Texas complains with FTC filed."  The remainder of the complaint is filled with handwritten demands for the now familiar 150 Billion amount.  Plaintiff has also sent to the court a note addressed to the judge that repeats the demand for 150 Billion and includes a copy of a receipt for prescribed medication (which is a nasal spray used to relieve hay fever or other allergies).

## Analysis

A complaint is subject to dismissal under Rule 12(b)(6) if it fails to state a claim on which relief may be granted.  "A district court may dismiss an action on its own motion

under Rule 12(b)(6) as long as the procedure employed is fair." Bazrowx v. Scott, 136 F.3d 1053, 1054 (5th Cir. 1998).  Sua sponte recommendation of dismissal is fair because this Report and Recommendation provides Plaintiff with sufficient notice of and opportunity to respond to the possible dismissal of his case. See Magouirk v. Phillips, 144 F.3d 348, 359 (5th Cir. 1998) (sua sponte invocation of defense in Report and Recommendation satisfied due process).

Plaintiff is proceeding in forma pauperis.  The court is authorized by 28 U.S.C. § 1915(e)(2) to dismiss a pauper complaint "at any time" if the court determines that the action is frivolous or malicious or fails to state a claim on which relief may be granted.  The statute gives the court authority to screen the proceeding for frivolousness or maliciousness even before service of process or the filing of the answer.  Ali v. Higgs, 892 F.2d 438, 440 (5th Cir. 1990).

To survive a Rule 12(b)(6) review, "a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" Cuvillier v. Taylor, 503 F.3d 397, 401 (5th Cir. 2007), quoting Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007).

The facts alleged, taken as true, must state a claim that is plausible on its face. Amacker v. Renaissance Asset Mgmt. LLC, 657 F.3d 252, 254 (5th Cir. 2011).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1949 (2009).  A complaint is not sufficient if it offers only "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." <u>Id</u>. (quoting <u>Twombly</u>, 127 S.Ct. at 1965).

Plaintiff's complaint in this action, as well as her other two recent complaints, do not set forth facts that state a claim that is plausible on its face.  The writings on the form complaints do little more than demand payment of billions of dollars.  The complaints do not identify a contract or lease provision as a basis for a claim.  They also contain no direct or even implied reference to a statute or other provision of law that might support a cause of action.  There is not even a formulaic recitation of the elements of a cause of action, which would alone be insufficient.

The complaints, separately or together, simply do not come close to stating an actionable claim that would merit proceeding further with this litigation and taxing the resources of the defendant(s) and the court.  They should each be dismissed because they are frivolous and fail to state a claim on which relief may be granted.[1]

---

[1] Plaintiff has used multiple mailing addresses on filings in her current three cases. A number of documents that the court mailed to Plaintiff have been returned because the address provided by Plaintiff was not correct.  Local Rule 41.3 requires a party to promptly notify the court in writing of an address change.  It also provides that the case may be dismissed for failure to prosecute when a notice if returned due to an incorrect address and no correction is made within 30 days.

**Sanctions Warning**

Plaintiff has now filed five meritless cases with this court without being required to pay the $400 filing fee.  Every paper filed with the court, no matter how repetitious or frivolous, requires some portion of the court's limited resources.  A part of the court's responsibility is to see that those resources are allocated in a way that promotes the interest of justice.  That requires the court to ensure that time is not wasted on frivolous cases at the expense of parties who have legitimate business before the court.

Plaintiff has abused the privilege that the court has afforded her of filing civil actions without payment of a filing fee.  The judges and staff of the court and clerk of court have spent numerous hours processing and resolving Plaintiff's meritless actions, and some defendants have been required to spend money on attorneys to defend the suits.

Plaintiff will not be allowed to continue to waste the resources of the court and the community.  She is warned that if she files even one more meritless case with this court she will likely be subjected to sanctions, which may include (1) a requirement that she obtain pre-approval from a district judge for any future filings, (2) a prohibition against filing in forma pauperis without a certification of good faith from the court, and (3) an order that she  pay monetary sanctions.  Five free, frivolous cases are enough.

Accordingly,

**IT IS RECOMMENDED** that Plaintiff's complaint be **dismissed with prejudice** for failure to state a claim on which relief may be granted.

**Objections**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 16th day of August, 2016.

Mark L. Hornsby
U.S. Magistrate Judge